UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS GEORGE MARTIN,<br>　　Plaintiff, | :<br>:　　No. 3:19-cv-1101 (KAD)<br>: |
| v. | : |
| JEFFERY MEJIAS, et al.,<br>　　Defendants. | :<br>:<br>: |

# INITIAL REVIEW ORDER

**Preliminary Statement**

　　Plaintiff, Douglas George Martin ("Martin"), filed this complaint *pro se* under 42 U.S.C. § 1983. Martin contends that, when his sentence concluded, he was sent to the Sierra Pretrial Program instead of being released. By this action. the defendants violated his First and Eighth Amendment rights. Martin names three defendants, Supervisor of Probations Jeffery Mejias, Commissioner of Corrections John Doe[1], and Tony Connection Inc. He seeks an order releasing him from the Sierra Pretrial Program and $1,000 for each day he was in the program. The complaint was received on July 17, 2019, and Martin's motion to proceed *in forma pauperis* was granted on July 25, 2019.

**Standard of Review**

　　Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

---

[1] The Court takes judicial notice of the fact that Rollin Cook is the current Commissioner of the Department of Correction.

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Martin was serving a sentence of one year and four days. Doc. No. 1 at 5. Martin's sentence concluded on April 5, 2019. He was not released. Instead, he was sent to a pretrial program run by the Department of Correction. *Id.* at 4. Miriam Mendoza works at Sierra Pretrial Program. Defendant Jeffery Mejias is her supervisor. He instructed staff to open Martin's incoming and outgoing mail. *Id.* Martin cannot go outdoors without a supervisor. *Id.* at 4-5. Mendoza has instructed staff to open Martin's incoming and outgoing mail and threatened to put a bracelet on Martin if he continued to complain. *Id.* at 5.

**Discussion**

      **Habeas Relief**

As an initial matter, the Court cannot entertain Martin's request that the court order his release, as such relief is only available through a habeas corpus petition. Generally, habeas corpus is used to challenge the fact or duration of confinement while a civil rights action is used to challenge the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 & 499 n.14 (1973) (challenge to fact or duration of confinement must be made in petition for writ of habeas corpus, but challenge to conditions of confinement could be simultaneously litigated in section 1983 action). Martin alleges that he is being confined beyond the expiration of his sentence in a facility operated by the Department of Correction and at the direction of the Department of Correction. The relief he seeks, Court ordered release, is directed to this allegedly unconstitutional confinement. Assuming Martin's allegation that his confinement is by order of the Department of Correction is true, Martin's request for release must be asserted in a petition for writ of habeas corpus. It is not cognizable in a section 1983 action. *Accord Duncan v. Walker*, 533 U.S. 167, 176 (2001) (habeas corpus used to challenge state court order of civil commitment or state court order of civil contempt); *Pollack v. Holanchock*, No. 10 CV 2402(RPP), 2011 WL 4867558, at *4 (S.D.N.Y. Oct. 13, 2011) (acknowledging ability of persons in facility operated by New York State Office of Mental Health to file habeas petition challenging detention in that facility). Martin's request for release is dismissed.

**Request for Damages**

Martin also seeks damages in the amount of $1,000.00 per day for each day he was held at the Sierra Center beyond the end of his sentence. The Court considers this a claim for false imprisonment. "There is no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence * * * The fact that the jailer is without personal knowledge that the prisoner

3

is held unlawfully does not constitute a defense to an action for false imprisonment." *Sostre v. Rockefeller*, 312 F. Supp. 863, 888 (S.D.N.Y. 1970) (internal quotation marks and citation omitted), *aff'd in part, rev'd in part on other grounds sub nom. Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971).

The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," the plaintiff must show that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages for false imprisonment under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Martin alleges that he fully served his sentence.[2] Thus, this claim, based on actions occurring after the conclusion of the sentence, does not implicate the validity of Martin's conviction or sentence. Martin's claim for damages may proceed. *See Lawhorn v. Algarin*, No. 16-CV-6336-FPG, 2018 WL 1046794, at *5 (W.D.N.Y. Feb. 26, 2018) (determining that *Heck* did not bar claim for unlawful detention prior to arrest).

**Defendant Tony Connection Inc**.

Martin includes Tony Connection Inc. as a defendant. As Martin describes this person as a supervisor, the Court assumes that the defendant's name is Tony and that he is employed by The Connection Inc. Martin alleges no facts suggesting that Tony violated his constitutional rights and does not mention him other than in the list of parties. Thus, he fails to state a plausible claim against Tony. In addition, although the Department of Correction may have referred

---

[2] The court recognizes that it may be a condition of his probation that Martin reside at the Sierra Center, in which case *Heck* may well defeat a false imprisonment claim. However, at this juncture, the Court looks only to the allegations pled.

Martin to Sierra Center and defendant Mejias, as a probation officer, may supervise Martin while he resides at Sierra Center, neither the Center nor its parent organization The Connection Inc. is a state agency and Tony is therefore not a state actor. *See Awad v. Sierra Pre-Trial*, No. 3:18-cv-1506(JAM). 2019 WL 2437853, at *3 (D. Conn. June 11, 2019) (determining that neither the Sierra treatment program nor its employees were state actors to support a section 1983 claim). These claims are dismissed.

**First Amendment Claim for Interference with Mail**

Lastly, Martin alleges that defendant Mejias and Miriam Mendoza, who is not a defendant, instructed staff to open his incoming and outgoing mail. As he asserts that he continues to be incarcerated, the Court construes this claim under the standards applicable to prisoners.

"A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir.2003) (citations omitted); *See Ahlers v. Rabinowitz,* 684 F.3d 53, 64 (2d Cir. 2012) (applying prisoner standard to claim for interference or censorship of mail in civil commitment context). While legal mail is afforded the greatest protection, "greater protection [is afforded] to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citations omitted). "[I]ncidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id*. To support such a claim, Martin must include "specific allegations of invidious intent." *Id.*

Martin alleges only that two persons told staff to monitor his mail and "[t]hey are

5

opening my incoming and outgoing mail." Doc. No. 1 at 4.  He does not allege that he did not receive any letter mailed to him or that any letter he sent did not reach its intended recipient.  Thus, the facts alleged do not suggest that anyone tampered with, or unjustifiably withheld, his mail so as to rise to the level of an actionable violation under *Davis*.  *See, e.g., Arnold v. Perez*, No. 3:12-CV-1677(VLB), 2013 WL 1196677, at *3 (D. Conn. Mar. 22, 2013) (dismissing claim of mail interference based on three letters that did not reach addressees); *but see, e.g., Antrobus v. City of New York*, No. 11 Civ. 2524(RA), 2014 WL 1285648, at *4-5 (S.D.N.Y. Mar. 27, 2014) (allegations that correctional staff read, withheld and threw away incoming mail and refused to send out mail for months at a time sufficiently alleged First Amendment claim).  Martin's First Amendment claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

For all the foregoing reasons, all claims against "Tony Connection Inc," the request for release, and the First Amendment claim are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  If Martin wishes to pursue his claim for release, he should file a petition for writ of habeas corpus in state court.

The case will proceed on the false imprisonment claim against defendants Mejias and Commissioner Cook.

(1)     **The Clerk shall** mail a waiver of service of process request packet to defendants Mejias and Cook at the address provided in the complaint within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If the defendants fail to return the waiver request, the Clerk shall arrange for in-person

service by the U.S. Marshals Service on the defendants in their individual capacity and the defendants shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send Martin a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file his response to the complaint, either an answer or motion to dismiss, within 60 days from the date the Waiver is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by March 2, 2020. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed by April 2, 2020.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Martin changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Martin must give notice of a new address even if he is incarcerated. Martin should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Martin has more than one pending case, he should indicate all the case numbers in the notification of change

of address.  Martin should also notify the defendant or the attorney for the defendant of his new address.

(9) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Martin.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of July 2019.

/s/
Kari A. Dooley
United States District Judge