# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS GEORGE MARTIN,<br>     *Plaintiff*,<br><br>v.<br><br>JEFFERY MEJIAS, ROLLIN COOK,<br>     *Defendants*. | No. 3:19-cv-01101 (KAD)<br><br><br><br><br><br><br>July 8, 2020 |

## ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge:

On June 12, 2020, this Court ordered *pro se* Plaintiff Douglas George Martin to show cause why this matter should not be dismissed for failure to prosecute diligently and/or failure to comply with this Court's orders. (ECF No. 23.) The order to show cause was issued following the Plaintiff's failure to attend a telephonic status conference and to file a joint status report as ordered by the Court. Despite the passage of the July 7, 2020 deadline for the Plaintiff to respond to the order to show cause, no response has been filed. Nor has the Plaintiff sought an extension of the Court's deadline. Accordingly, and for the reasons set forth below, the Court concludes that this action must be dismissed.

**Legal Standard**

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*) (quotation marks, alterations, and citation omitted). "While a court is ordinarily obligated to afford a special solicitude to *pro se*

1

litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*) (quotation marks and citations omitted).

As relevant here, Fed. R. Civ. P. 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation omitted).  A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).[1]

**Procedural History**

Plaintiff filed this action on July 17, 2019 against Defendants Jeffery Mejias, John Doe, and Tony Connections pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated the Plaintiff's First and Eighth Amendment rights when they sent him to the Sierra Pretrial Program

---

[1] In addition, Federal Rule of Civil Procedure 16(f) authorizes a district court to impose sanctions on a party who: "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1). Such sanctions may include dismissal of the underlying action. *See Carter v. Jablonsky*, 121 Fed. Appx. 888, 889 (2d Cir. 2005) (summary order). Because the Court concludes that dismissal is warranted pursuant to Rule 41(b), the Court does not separately address Rule 16(f) as a basis for dismissal.

2

instead of releasing him upon conclusion of his state sentence and ordered Sierra Pretrial staff to open his mail.  (ECF No. 1.)  Upon this Court's initial review of the complaint pursuant to 28 U.S.C. § 1915A, the claims against Tony Connections were dismissed and Rollin Cook, the Commissioner of the Department of Corrections, was substituted for John Doe.  (ECF No. 6.)  The Court dismissed Plaintiff's First Amendment claim but permitted what it construed as a false imprisonment claim to proceed against Mejias and Cook.  The Court further issued a scheduling order that required, *inter alia*, that discovery be completed by March 2, 2020 and dispositive motions be filed by April 2, 2020.  (*Id*. at 7.)  If the Plaintiff were to change his address at any time during the course of the litigation, the Court warned him that he must notify the Court pursuant to Local Rule 83.1(c)(2) and that failure to do so could result in dismissal of the case.  (*Id*. at 7–8.)

After the Defendants filed their answer to the Complaint, the Plaintiff filed a notice of change of address on January 24, 2020.  (ECF No. 17.)  In the three months that followed, the docket remained inactive.  Following passage of the deadline for discovery and dispositive motions, the Court issued an order on May 5, 2020 directing the parties "to file a Joint Status Report, on or before May 26, 2020 indicating: 1) whether the matter is trial ready; 2) whether the parties request a referral to a Magistrate Judge for a settlement conference: and 3) a suggested schedule for filing of the Joint Trial Memorandum."  (ECF No. 18.)  A copy of the Court's order was mailed to the Plaintiff at the address provided in his January 2020 notice of change of address.  On May 26, 2020, the Defendants filed a unilateral status report in which they indicated that counsel mailed a proposed status report to Plaintiff to seek his position and input but that Plaintiff did not respond.  (ECF No. 19.)  Counsel included copies of the correspondence mailed to the Plaintiff on May 8, 2020 and further represented that these documents were not returned by the United States Postal Service.

Upon receipt of the status report the Court ordered the parties on June 4, 2020 to appear for a telephonic scheduling conference on June 12, 2020.  (ECF No. 20.)  A copy of the Court's order was again mailed to the Plaintiff at the address he provided in January.  The Plaintiff did not appear at the June 12, 2020 telephonic scheduling conference.  Counsel for the Defendants indicated at the scheduling conference that the Plaintiff never served discovery; nor did counsel recall ever hearing from the Plaintiff in connection with this matter.  Due to the Plaintiff's failure to confer with the Defendants to file a joint status report and his failure to appear at the scheduling conference, the Court ordered the Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute and/or to comply with this Court's orders.  (ECF No. 23.)  A copy of the Court's order was mailed to the Plaintiff and as noted previously, the Plaintiff did not respond on or before July 7, 2020, as directed by the Court.

**Discussion**

With the Plaintiff having failed to comply with three recent Court orders and otherwise neglecting to prosecute his case, the Court considers dismissal pursuant to Fed. R. Civ. P. 41(b) and concludes that a review of the relevant factors warrants dismissal.

First, the Plaintiff's failure to prosecute has caused significant delay, as the Court has been unable to issue a scheduling order to set pretrial dates following the passage of the deadlines for discovery and dispositive motions.  And despite the pendency of this case for nearly one year, it does not appear that the parties have undertaken any discovery; nor has any other meaningful activity taken place in recent months to move the case forward.  *See Suleski v. USI Consulting Grp., Inc.*, No. 3:17-cv-1503 (JBA), 2019 WL 1173016, at *2 (D. Conn. Mar. 13, 2019) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months") (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)).

Second, Plaintiff was given notice by the Court's June 12, 2020 order that failure to respond on or before July 7, 2020 would result in dismissal of the case.  And as the Court noted in that order, copies of the Court's orders have been mailed to the Plaintiff and "the Court has received no indication that this mail was not delivered."  (ECF No. 23.)  Third, the Defendants have faced prejudice by incurring attorney time to defend a case that the Plaintiff is not prosecuting. "Furthermore, because plaintiff has a duty of due diligence to move [his] case forward, and has failed to do so, prejudice to the defendants may be presumed."  *Kenny v. Potter*, No. 05-CV-1415 (KAM) (JMA), 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011), *report and recommendation adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011).  Fourth, the Plaintiff has failed to respond to the Court's three orders of May 5, 2020, June 4, 2020, and June 12, 2020 or to take any effort signaling an intent to pursue his claims.  Indeed, he has not filed anything on the docket since his January 2020 notice of change of address.  He has thereby "seemingly elected not to make use of [his] opportunity to be heard," a factor which weighs in favor of dismissal.  *Suleski*, 2019 WL 1173016, at *3.

Finally, for the reasons noted above, the Court concludes that no lesser sanction will suffice given the Plaintiff's apparent abandonment of any effort to prosecute his claims and failure to communicate to the Court a contrary intention.

**Conclusion**

For the foregoing reasons this case is dismissed pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY

5